FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 07, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>TIMOTHY BINFORD,<br><br>　　　　　　　　Defendant. | NO: 2:14-CR-166-RMP<br><br>ORDER DENYING DEFENDANT'S MOTIONS FOR PROTECTIVE ORDER AND FOR RETURN OF LEGAL RESOURCE MATERIALS |

BEFORE THE COURT are Defendant Timothy Binford's Motion for an Emergency Protective Order, ECF No. 190, filed on November 7, 2018, and Motion to Return Legal Resource Materials, ECF No. 193, filed on December 31, 2018. Mr. Binford did not move to expedite hearing of his motions, and the United States did not respond to the motion for an emergency protective order.[1] Having

---

[1] The time for responding to Defendant's "Motion for Return of Legal Resource Materials," ECF No. 193, has not yet elapsed. However, as that motion is on the same basis as Defendant's motion for an emergency protective order, the Court

reviewed Mr. Binford's motions and the remaining docket in this matter, the Court is fully informed.

On November 16, 2016, this Court re-sentenced Mr. Binford to a 96-month term of incarceration to run concurrent with Mr. Binford's sentence in a separate case. ECF No. 173. The Ninth Circuit Court of Appeals affirmed the sentence on March 30, 2018. ECF Nos. 187 and 188. Mr. Binford presently is serving his term as an inmate at FCI Forrest City Low, a low security federal correctional institution in Forrest City, Arkansas.

Mr. Binford argues in his motions before this Court that the conditions of his confinement at FCI Forrest City Low infringe on his constitutional rights. Specifically, he alleges that prison officials are impeding his ability to retain legal books and other materials stored in his locker, and have restricted his access to the law library, as part of a response to the alleged death of two inmates after allegedly consuming contraband substances. ECF Nos. 190 at 2−3; 193 at 2−3. Mr. Binford claims that prison officials also have not provided sufficient process to address the issue and that he has not received a response to his formal requests for return of his legal materials. ECF No. 193 at 3. Mr. Binford argues that the prison officials' actions interfere with his ability to "continue litigation in active cases[.]" *Id.* at 2.

---

finds good cause to expedite hearing of the motion for return of legal resource materials without awaiting a response.

ORDER DENYING DEFENDANT'S MOTIONS FOR PROTECTIVE ORDER AND FOR RETURN OF LEGAL RESOURCE MATERIALS ~ 2

Mr. Binford has filed his motions in this district, in Eastern Washington, with the same case number as his prior criminal case. However, his motions allege civil rights violations, and a civil rights action is the appropriate mechanism for a prisoner to challenge the conditions of his confinement. 42 U.S.C. § 1983; *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991). A civil action, other than one based on diversity jurisdiction, must be brought only in (1) a judicial district where any defendant resides, if all of the defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). A district court has discretion to either dismiss a case filed in the wrong venue or transfer the case to the proper federal court, if transfer serves "the interest of justice." 28 U.S.C. § 1406(a).

In addition, a plaintiff pursuing a civil rights complaint must pay the $350 filing fee for a civil action, either in full or through withdrawals from a prisoner plaintiff's trust account in accordance with the availability of funds. 28 U.S.C. §§ 1914, 1915(b). The Court is further required to screen a civil rights complaint for sufficiency according to the provisions of the Prisoner Litigation Reform Act of 1995. 28 U.S.C. § 1915A(b); *see also* 42 U.S.C. § 1997e (requiring a prisoner

plaintiff to exhaust all available administrative remedies before filing a civil rights lawsuit). Dismissal of a pleading on the basis that it is frivolous, malicious, or fails to state a claim upon which relief may be granted may count as a "strike" against the prisoner plaintiff for purposes of 28 U.S.C. § 1915(g) and any future civil rights actions that he files.

In this case, all of the actions or omissions alleged by Defendant occurred in Forrest City, which is within the venue of the Eastern District of Arkansas. *See* ECF Nos. 190 and 193. This Court sitting in the Eastern District of Washington has no authority to review this matter, because the actions did not occur in Eastern Washington. In addition, Defendant has not paid any filing fee or taken any other steps to open a civil case in this District in pursuit of the relief he seeks. Therefore, there is no case to transfer to the Eastern District of Arkansas which would have jurisdiction. If Mr. Binford seeks to pursue this action, he will need to file a case in the Eastern District of Arkansas, fulfill the requirements for either paying the filing fee or moving to waive the entire filing fee, and re-file all of his motions and documents in that court.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Emergency Protective Order, **ECF No. 190**, is **DENIED** without prejudice.

2. Defendant's Motion to Return Legal Resource Materials, **ECF No. 193**, is **DENIED** without prejudice.

The District Court Clerk is directed to enter this Order and provide copies Mr. Binford and to counsel.

**DATED** January 7, 2019.

                                               *s/ Rosanna Malouf Peterson*
                                               ROSANNA MALOUF PETERSON
                                               United States District Court Judge